

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-81,580-01

### EX PARTE ARMANDO LEZA

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
### IN CAUSE NO. 2007-CR-4563A IN THE 187TH DISTRICT COURT
### BEXAR COUNTY

*Per curiam*.

## O R D E R

In May 2009, a jury found applicant guilty of the offense of capital murder. The jury answered the statutory punishment questions in such a way that the trial court set applicant's punishment at death. On December 17, 2010, the State filed in this Court its brief on applicant's direct appeal. Pursuant to Article 11.071 §§ 4(a) and (b)[1], applicant's initial

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

application for a writ of habeas corpus was due to be filed in the trial court on or before May 2, 2011, assuming a motion for extension was timely filed and granted.

Because it had been more than three years since the application was due in the trial court, this Court on June 18, 2014, ordered the trial court to resolve any remaining issues in the case within 120 days from the date of that order. This Court further noted that the clerk should immediately thereafter transmit the complete writ record to this Court. Thus, the trial court should have resolved the issues raised in the writ on or before October 16, 2014, and the record should have been sent to this Court shortly thereafter. However, no writ record has been sent to this Court.

It has now been four and a half years since the application was due in the trial court. Accordingly, the trial court has 60 days to resolve any issues remaining in the case. The clerk should immediately thereafter transmit the complete writ record to this Court. Any extensions of time shall be obtained from this Court.

IT IS SO ORDERED THIS THE 16TH DAY OF DECEMBER, 2015.


Do Not Publish